Turley, J.
delivered the opinion of the court.
This is a bill to enjoin the collection of a judgment at law rendered by the Supreme Court of the State, in affirmance of a judgment of the circuit court of Davidson county, in favor of the defendant against Nicholson, one of the complainants.
' Nicholson became appearance -bail for one Napier, who was in custody at the suit of Patterson, the defendant in the present case. Judgment having been rendered against said Napier, a writ of capias ad satisfaciendum was issued thereon in due time, for the purpose of enforcing a satisfaction thereof, which was returned “non est inventus.” Thereupon a scire facias was issued against Nicholson, the appearance bail, to charge him with the. debt, but this scire facias was not issued within the time prescribed by the act of 1825 chap. 33, to wit, from the term of the court to which the ca. sa. was return *397 able, until a subsequent term, When the scire facias was returned, Nicholson neglected to enter his defence; in consequence of which, á judgment by default was • .rendered against him for the amount of the original judgment against Napier, with cost and interest. To reverse which, a writ .of error was prosecuted to the Supreme Court, where' the case was heard and determined upon the facts assigned for error in the argument of the counsel for the plaintiff in error against him. But it so happened, that the attention of the court was not drawn by argument to the only defect in the proceeding, to wit, that the scire facias had not been issued in proper time, and which appeared upon the face of the scire facias,, and for which the judgment would and should have been-reversed; and it also happened, that this defect also escaped the attention of the court in the examination of the record; and the judgment was consequently affirmed. That this judgment ought not to have been rendered, is incontrovertible; but the question is, can a court of chancery, upon any recognized principle, enjoin the samel We are constrained, much against our wishes, to say it cannot. The judgment is not void but erroneous; it was given, by a court having full and competent jurisdiction to hear and determine the same, and the defect in the scire facias was a legal defect, for which the judgment of the circuit court should have been reversed. In not doing this, an error in law was committed; but in as much as all judgments in the Supreme Court are final, and, after the. adjournment of the court, beyond the control of the court, there is no power of the State to correct them. A court of chancery has power to enjoin a void judgment, but not an erroneous one; and this case does not fall within that class of cases, in which relief is given in chancery, because a party in a suit at law has been prevented by mistake, accident, or the fraud of the opposite party, from making his defence at law.' We are therefore constrained, as much as we regret it, -to reversa the decree of the chancellor and dismiss the bill. It is not; to be expected that the court can in all cases detect defects, imperfections, or omissions, to which its attention is hot drawn in argument. To suppose otherwise, would be to hold that a court consisted *398 of men of such accuracy of scrutiny as never to overlook any thing in the vast number of voluminous records submitted to their inspection; a thing that never did and never will exist. Decree reversed and bill dismissed.